**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**KOCH FOODS OF MISSISSIPPI, LLC**                                    **PLAINTIFF**

**V.**                                    **CAUSE NO. 3:19-CV-627-CWR-FKB**

**UNITED STATES OF AMERICA**                                    **DEFENDANT**

## ORDER

Before the Court is Koch Foods of Mississippi's Motion to Suppress and for Return of

Property. For the following reasons, Koch Food's Motion is granted in part and denied in part.

**I.       Background**

On August 5, 2019, Agent Anthony Todd Williams, Jr., a Homeland Security

Investigations ("HSI") Special Agent with Immigration and Customs Enforcement ("ICE"), filed

an Application for Search Warrant to search Koch Food's chicken processing plant in Morton,

Mississippi ("Morton Plant"). In a supporting affidavit, Agent Williams attested that there was

"probable cause to believe that Koch Foods of Mississippi, LLC and others are willfully and

unlawfully employing illegal aliens in violation of Federal law." Williams stated that he had

reason to believe the following laws were being violated at the Morton Plant:

- 8 U.S.C. § 1324(a) ("Unlawful Employment of Aliens")
- 18 U.S.C. § 1001 ("Fraud and False Statements: Statements or entries generally")
- 18 U.S.C. § 1546(a) ("Fraud and misuse of visas, permits, and other documents")
- 18 U.S.C. § 1028(a)(7) ("Fraud and related activity in connection with identification documents, authentication features, and information")
- 18 U.S.C. § 1015(e) ("False statement to obtain benefits or employment")
- 18 U.S.C. § 911 ("False claim to be a Citizen of the United States")
- 42 U.S.C. § 408(a)(7)(B) ("Use of Unauthorized Social Security Number")

1

Agent Williams based his affidavit on "knowledge arising from [his] participation" in an investigation of Koch Foods for suspected violations of 8 U.S.C. § 1324(a), namely "illegally employing subjects without working authorization in the United States." He also based his belief on information provided to him by other "HSI agents, law enforcement officers, and government officials" who participated in the investigation.

Agent Williams attested that over 140 undocumented people who were arrested or encountered by ICE between September 10, 2002, to April 13, 2019, indicated employment at Koch Foods in Mississippi. One man who was arrested during an ICE field operation in Forest, Mississippi told ICE agents that the "plant knew his immigration status and that there was 'a lot of illegals working there.'"

Agent Williams also noted that review of ICE's Alternatives to Detention (ATD) electronic monitoring program – which uses ankle bracelets to monitor location – provided GPS-tracking data showing 21 undocumented people regularly spending 8 to 10 hours a day at the Morton Plant. None of those identified were authorized to work in this country, he said.

The affidavit also discussed interviews with some of the ATD enrollees. In one, Ana Santizo-Tapia explained how she got work at the Morton Plant. She was told by an HR employee her documents were not legitimate, so she could not be hired. Around three weeks later, Santizo-Tapia returned to the Morton Plan and approached the same HR employee with a different set of documents. She was then allowed to work. During her interview with the Department of Homeland Security, Santizo-Tapia also stated that a supervisor asked her if she had an ankle bracelet. When Santizo-Tapia told him she did, he told her that "it was okay, but she needed to keep it charged." He also told her that "he knew 'they' were poor and came to the United States to work."

On August 5, 2019, Magistrate Judge Linda R. Anderson found that Agent Williams's Application and its supporting documentation established probable cause to search and seize both people and property at the Morton Plant. Magistrate Judge Anderson ordered the execution of the warrant on or before August 12, 2019, in the daytime between 6:00 a.m. and 10:00 p.m.

United States law enforcement officers executed the search warrant on August 7, 2019. According to the Government, the officers seized "several computers" and "many paper records." The computers have since been returned to Koch Foods.

On August 30, 2019, Koch Foods filed this civil action under the Fourth Amendment and, in the alternative, Rule 41(g) of the Federal Rules of Criminal Procedure, seeking to suppress information seized during the August 7 search. Koch Foods argues that the search and seizure was unsupported by probable cause and that the good faith exception to the exclusionary rule does not apply. Koch Foods also argues that under Rule 41(g) it is entitled to return of its property. As of this date, while dozens of their former employees have been prosecuted, Koch Foods has not been charged with any crimes.

## II.    Legal Standards

A federal court may exercise its equitable powers "to order the suppression or return of unlawfully seized property even though no indictment has been returned." *United States v. Search of Law Office, Residence, & Storage Unit Alan Brown*, 341 F.3d 404, 409 (5th Cir. 2003) (citation omitted). Rule 41(g) also empowers "a district court to entertain on equitable grounds a pre-indictment motion for return of property." *Id.* Rule 41(g) provides that:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose

> reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).

The Fifth Circuit counsels "caution and restraint" in exercising this "anomalous jurisdiction." *Brown*, 341 F.3d at 409. The Court should grant pre-indictment motions to suppress or return property only after consideration of several factors. These include: (1) whether the motion "alleges that government agents . . . in seizing the property displayed a callous disregard for [the plaintiff's] constitutional rights"; (2) "whether the plaintiff has an individual interest in and need for the material whose return he seeks"; (3) whether the plaintiff "would be irreparably injured by denial of the return of the property"; and (4) whether the plaintiff has an "adequate remedy at law for the redress of his grievance." *Id.* at 410.

## III.    Discussion

Since Koch Food's motion comes before any indictment, the Court must consider whether to entertain the suppression on equitable grounds. *Id.* at 409. The Court will consider each factor in turn.

### A.    Callous Disregard

"Callous disregard" means "a clear and definite showing that constitutional rights have been violated" and "plaintiffs show a clear deprivation of their constitutional rights." *Hunsucker v. Phinney*, 497 F.2d 29, 34 n.10 (5th Cir. 1974).

Koch Foods argues that the Government violated its Fourth Amendment rights because the warrant, on its face, lacked sufficient indicia of reliability to establish probable cause. Koch Foods also argues that the Government omitted certain exculpatory evidence from the warrant affidavit, specifically that Koch Foods voluntarily disclosed to the U.S. Attorney's Office and ICE "evidence indicating that it may have hired unauthorized workers" following the company's

own investigation in 2008 and that Koch Foods, on its own initiative, "cooperated in an investigation conducted by the U.S. Attorney's Office for several months."

### 1. Validity of the Search Warrant

"When considering the validity of a search warrant, the Court engages in a two-step inquiry: (1) the Court must determine whether the good faith exception to the exclusionary rule applies; and (2) the Court must determine whether the warrant was supported by probable cause." *Jones v. United States*, 14 F. Supp. 3d 811, 816 (W.D. Tex. 2014) (citing *United States v. Payne*, 341 F.3d 393, 399 (5th Cir. 2003)). "The information necessary to show probable cause must be contained within a written affidavit given under oath." *United States v. Perez*, 484 F.3d 735, 740 (5th Cir. 2007) (citation omitted). "The Court need not address the probable cause issue if the good faith exception applies and the case does not involve a 'novel question of law.'" *Jones*, 14 F. Supp. 3d at 816 (citation omitted).

In considering whether the good faith exception applies, the "inquiry is confined to the objectively ascertainable question whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization." *Payne*, 341 F.3d at 400 (citing *United States v. Leon*, 468 U.S. 897, 923 n.23 (1984)). "Searches pursuant to a warrant will rarely require any deep inquiry into reasonableness, for a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search." *Leon*, 468 U.S. at 922 (quotations and citation omitted).

There are, however, four situations in which an officer will "have no reasonable grounds for believing that the warrant was properly issued." *Id.* at 923. These include:

> (1) If the issuing magistrate/judge was misled by information in an affidavit that the affiant knew was false or would have known except for reckless disregard of the truth;

(2) where the issuing magistrate/judge wholly abandoned his or her judicial role;

(3) where the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or

(4) where the warrant is so facially deficient in failing to particularize the place to be searched or the things to be seized that the executing officers cannot reasonably presume it to be valid.

*Payne*, 341 F.3d at 399–400 (citation omitted).

## 2. Analysis

Koch Foods argues that the first exception applies. It characterizes the evidence described in Agent Williams's affidavit as misrepresentations to the Magistrate Judge. For example, Koch Foods argues that the Government:

> misrepresent[ed] to the magistrate judge that ankle monitors are a visible, reliable proof that a worker has been marked by ICE as lacking authorization to work in this country and that Koch Foods' employment of workers wearing ankle monitors proves that Koch Foods has been knowingly employing unauthorized workers.

Docket No. 13 at 10. It also notes that Agent Williams omitted information that Koch Foods had cooperated with a U.S. Attorney's Office investigation into whether unauthorized workers had been hired at the company. This cooperation included disclosures in 2008 and 2009 of its own investigation into whether it had hired unauthorized employees.

Koch Food's argument is unpersuasive. It does not argue that Agent Williams falsified the findings of the Government's investigation or otherwise lied to the Magistrate Judge. Koch Foods also fails to establish that Agent Williams's characterization of the evidence as establishing probable cause is anything more than an opinion based on his training and experience. Moreover, inclusion of Koch Food's self-disclosures and cooperation in a previous Government investigation would not have been "material to the determination of probable cause." *Kohler v. Englade*, 470 F.3d 1104, 1113 (5th Cir. 2006) (citing *Franks v. Delaware*, 438

U.S. 154 (1978)). A proper showing of probable cause requires "more than mere suspicion" but less than "proof beyond a reasonable doubt." *United States v. Froman*, 355 F.3d 882, 889 (5th Cir. 2004) (quotation marks and citations omitted). Even including these facts, Agent Williams's "affidavit would still support a finding of probable cause" when considering the substantial evidence provided in the affidavit as a whole. *Kohler*, 470 F.3d at 1113.

Accordingly, no exception to the good faith doctrine applies. There is no showing that the Government displayed callous disregard for Koch Food's constitutional rights.

### B.      Interest In and Need for Seized Material

Koch Foods alleges the government seized multiple computers and at least eight filing cabinets containing documents needed by its human resources department. The computers have since been returned, but the cabinets and documents have not.

According to the affidavit of Joe Thomas Downard, the Human Resources Manager for the Morton Plant, the documents included personnel files of all current employees of the plant as well as of former employees terminated within the previous two to three years. Downard says Koch Food's Human Resources department depends on these documents for its operations, ranging from setting pay increases to conducting employee terminations. He also states that the documents are not kept electronically.

Given these facts, Koch Foods has shown an interest in the documents in the government's possession and a need for the seized material.

### C.      Irreparable Injury

Koch Foods argues that the government's continued exclusive possession of its employee personnel and I-9 files will cause irreparable harm to its Human Resources department. Koch Foods notes that without the seized materials it cannot respond to audits by other government

agencies – like a recent audit by the U.S. Department of Labor – or "conduct its own internal investigation of the allegations in the search warrant affidavit."

Koch Food's claims are compelling. These documents are necessary to running Koch Food's personnel operations and Human Resources department. In contrast to the situation in *Brown*, here the government has not provided Koch Foods any access to the documents it seized or offered to provide copies of any needed records. 341 F.3d at 414. The deprivation of these documents constitutes an irreparable injury.

### D.    Adequate Remedy at Law

Koch Foods says it lacks an adequate remedy at law. The government raises that Koch Foods could file a post-indictment motion to suppress. Such a motion would not be an adequate remedy at law for a potential criminal defendant if there were constitutional violations "because a wrongful indictment . . . works a grievous, irreparable injury to the person indicted." *Id.* at 410. (citation omitted). However, here there are no such constitutional violations (at least on this record), so this factor weighs against granting the motion to suppress.

The grant of a post-indictment motion to suppress would not, however, address Koch Foods current need for the seized documents. The company should be permitted to resume its personnel and human resources operations.

Given the lack of adequate remedy as to the return of evidence, this factor weighs toward the grant of Koch Foods' motion for return of property.

### E.    Summary

In consideration of the aforementioned factors, Koch Foods has shown the need for the return of the seized documents in order to avoid irreparable injury to its business operations. *See Heebe v. United States*, No. 2:10-CV-3452, 2011 WL 2610946, at *6 (E.D. La. July 1, 2011).

Without these documents, Koch Foods's Human Resources Department is unable to properly function. As in *Brown*, the Government should allow access to the records to prevent this injury. "By copying all seized . . . documents and data, and returning originals, the Government can [continue] its investigation while mitigating further irreparable injury to [Koch Foods]." *Heebe,* 2011 WL 2610946, at *4.

However, the Court is not convinced that it should exercise its equitable jurisdiction to suppress the seized materials prior to indictment, given that there is no showing of a callous disregard of Koch Food's constitutional rights.

## IV.  Conclusion

Koch Food's Motion to Suppress is **DENIED.**

Koch Food's Motion for Return of Property is **GRANTED.** The Government is directed to return the requested documents to Koch Foods by February 21, 2020. The Government is allowed to make copies of the documents prior to their return.

**SO ORDERED**, this the 29th day of January, 2020.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE