# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

KOCH FOODS OF MISSISSIPPI, LLC                                            PLAINTIFF

V.                                                    CAUSE NO. 3:19-CV-627-CWR-FKB

UNITED STATES OF AMERICA                                               DEFENDANT

## ORDER

Before the Court is the Government's motion to modify this Court's January 29, 2020, Order granting in part and denying in part Koch Foods of Mississippi, LLC's *Motion to Suppress and for Return of Property*. The Government's motion is brought under Federal Rules of Civil Procedure 60(b)(1) and b(6) or, in the alternative, Rule 59(e). Koch Foods opposes the Government's motion. For the following reasons, the motion is denied.

**I.     Background and Procedural History**

On August 5, 2019, Anthony Todd Williams, Jr., a Homeland Security Investigations Special Agent with Immigration and Customs Enforcement, filed an Application for Search Warrant to search Koch Foods' chicken processing plant in Morton, Mississippi. Magistrate Judge Linda R. Anderson found that the Application and supporting documentation established probable cause to search and seize both people and property at the Morton Plant. United States law enforcement officers executed the search warrant on August 7, 2019. According to the Government, the officers seized "several computers" and "many paper records." The computers were later returned to Koch Foods, while the documents were kept exclusively by the Government.

On August 30, 2019, Koch Foods filed this civil action under the Fourth Amendment and, in the alternative, Rule 41(g) of the Federal Rules of Criminal Procedure, seeking (1) to

suppress information seized during the August 7, 2019, search and (2) the return of the seized property. The briefing closed on September 18, 2019.

On January 29, 2020, the Court granted Koch Foods' motion to return the property seized but denied its motion to suppress. The evidence showed that Koch Foods needed the original seized documents to continue its business operations. The Court directed the Government to return the original documents to Koch Foods but allowed it to retain copies. On January 30, 2020, the Court entered final judgment.

Unbeknownst to the Court, the Government informed Koch Foods as early as September 20, 2019, that it was working to provide Koch Foods with copies of the seized documents. The Government says it told Koch Foods that if the company "needed a specific file in the interim, it should ask, and the government would try to accommodate the specific request(s)." On January 13, 2020, Koch Foods inquired about the Government's progress in copying the files. The Government informed the company that the duplication was nearing completion and that the Government hoped to provide the electronic copies by January 31, 2020. Neither party filed a supplemental pleading describing this arrangement.

On February 3, 2020, the Government informed Koch Foods that the electronic copies were available on a hard drive. Koch Foods picked up the hard drive the same day. Also on February 3, 2020, the Government filed the present motion.

The Government now asks to be relieved from the obligation to return the originals, because "the files in their original form may be needed as evidence at any trial." In the alternative, the Government asks for additional time to provide the originals to Koch Foods because the company identified "illegible or distorted" pages in the electronic version the Government provided. The Government also asks that Koch Foods bear the costs of making the

paper copies. As a final alternative, the Government asks that, in the event the original documents must be returned to Koch Foods, the Order be modified to ensure that the documents "be protected from modification, loss, or destruction" and to require Koch Foods to return the hard drive and any duplicates in its possession.[1] Koch Foods opposes the motion.

## II. Legal Standards

### A. Rule 59(e)

A Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citation omitted). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citation omitted). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* (citation omitted).

### B. Rule 60(b)

Rule 60(b)(1) says the "court may relieve a party . . . from a final judgment, order, or proceeding . . . [because of] mistake, inadvertence, surprise, or excusable neglect." "Rule 60(b)(6) provides that a court may act to relieve a party from a final judgment for 'any other reason justifying relief from the operation of the judgment.'" *Hess v. Cockrell*, 281 F.3d 212, 215 (5th Cir. 2002) (citation omitted).

Rule 60(b)(6) is "a catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions." *Id.* at 216. "Rule 60(b)(6) motions 'will be granted only if extraordinary circumstances are present,'" *id.*, and "cannot substitute for an appeal,"

---

[1] The Government's motion primarily seeks relief pursuant to Federal Rules of Civil Procedure 60(b)(1) and (b)(6). The Government also requests that the Court construe its motion as one brought under Federal Rule of Civil Procedure 59(e) "to the extent necessary to ensure a just and expeditious result."

3

*Scutieri v. Paige,* 808 F.2d 785 (11th Cir. 1987) (citing *Fackelman v. Bell*, 564 F.2d 734, 735 (5th Cir. 1977)). "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors." *Buck v. Davis*, 137 S. Ct. 759, 778 (2017). "These may include, in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Id.* (citation omitted).

"[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion." *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 315 (5th Cir. 2017) (citation omitted).

### III. Discussion

Evaluating this motion requires some background on the law undergirding the earlier Order. Federal Rule of Criminal Procedure 41(g) empowers "a district court to entertain on equitable grounds a pre-indictment motion for return of property." *United States v. Search of Law Office, Residence, & Storage Unit Alan Brown*, 341 F.3d 404, 409 (5th Cir. 2003) (citation omitted). The rule provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). Rule 41(g) is notable in that it authorizes a court to order not only the return of unlawfully-seized property but also property that has been lawfully seized by the Government. *See United States v. Ogbonna*, 34 F. App'x 150, at *3 n.1 (5th Cir. 2002) (citing Fed. R. Crim. P. 41(e)).[2]

"Whether to exercise that jurisdiction in a given case is subject to the sound discretion of the district court." *Richey v. Smith*, 515 F.2d 1239, 1243 (5th Cir. 1975). The Fifth Circuit counsels "caution and restraint" in exercising this "anomalous jurisdiction." *Brown*, 341 F.3d at

---

[2] Rule 41(e) was amended in December 2002 and was re-lettered as subsection (g) at that time. *See Brown*, 341 F.3d at 408 n.3; *see also* Fed. R. Crim. P. 41 advisory committee notes to 2002 amendments.

409. A court should grant pre-indictment motions to return property only after considering: (1) whether the motion "alleges that government agents . . . in seizing the property displayed a callous disregard for [the plaintiff's] constitutional rights"; (2) "whether the plaintiff has an individual interest in and need for the material whose return he seeks"; (3) whether the plaintiff "would be irreparably injured by denial of the return of the property"; and (4) whether the plaintiff has an "adequate remedy at law for the redress of his grievance." *Id.* at 410.

"If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings." Fed. R. Crim. P. 41(g). The rule "avoids an all or nothing approach whereby the government must either return records and make no copies or keep originals notwithstanding the hardship to their owner." Fed. R. Crim. P. 41(g) advisory committee notes to 1989 amendments. Rule 41(g) "contemplates judicial action that will respect both" law enforcement interests and individual interests in seized property. *Id.*

The Court will now turn to the present motion.

A.	Rule 59(e)

Assuming a reading of the Government's motion as one brought under Rule 59(e), the motion suggests modification is necessary "to correct [a] manifest error[] of law." *Templet*, 367 F.3d at 479. The Government claims it informed Koch Foods in September 2019 that it was planning to provide a copy of the seized documents. Since then, it says, the Government has enlisted agents to scan the originals, updated Koch Foods as to the status of the duplication, and furnished electronic copies to Koch Foods. The Government correctly notes that a party moving for return of property under Rule 41(g) typically cannot establish the required showing of

irreparable harm when the Government has provided access to seized documents or allowed the aggrieved party to copy the documents. *See, e.g., Brown*, 341 F.3d at 414.

This, however, is the first time that the Government has informed the Court of its plan and efforts to provide copies. The Government claims it worked on creating copies for more than four months before the Court entered its Order. It follows that the Government's intent to provide copies was a fact "well within [the Government's] knowledge prior to the district court's entry of judgment." *Templet*, 367 F.3d at 479. Under Rule 59(e), a failure to include this information in the Government's prior submissions "provides a valid basis for denying a subsequent motion for reconsideration." *Id.*

The Government then argues that the Order should be modified because "the files in their original form may be needed as evidence at any trial." Again, this argument could have been raised in the Government's briefing. Moreover, the Government does not explain why the originals are necessary for trial or why copies could not be introduced under Federal Rule of Evidence 1003, which provides: "[a] duplicate is admissible to the same extent as an original unless a genuine question is raised as to the authenticity of the original or the circumstances make it unfair to admit the duplicate." Fed. R. Evid. 1003.

The Government's remaining requests to modify the Order could also have been offered as alternative remedies in its prior briefing. Accordingly, the Government is not entitled to relief under Rule 59(e).

**B.     Rule 60(b)(1)**

The Government's motion contends that it is entitled to relief under Rule 60(b)(1) because the Court made a "mistake of law" in ordering it to return the original seized documents to Koch Foods. *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985). Specifically, the

Government argues that the Order is inconsistent with the orders of other district courts, noting that "Rule 41(g) movants do not suffer irreparable harm where the government represents that it will voluntarily return copies of lawfully seized property." Docket No. 20 at 4.

"When a judicial decision contains an obvious error of law, apparent on the record, then the error may be corrected as a mistake pursuant to Rule 60(b)." *In re Grimland, Inc.*, 243 F.3d 228, 233 (5th Cir. 2001). "The error of law must involve a fundamental misconception of the law or a conflict with a clear statutory mandate." *Id.* (citation omitted). "Granting or denying a motion under Rule 60(b) is within the discretion of the district court." *Id.* (citation omitted).

The Government's argument is unpersuasive. Based on the information the parties provided to the Court, its resolution was fully consistent with the language of Rule 41(g). As discussed above, the Government's intent and efforts to create copies were never raised in its lengthy briefs, and no supplement was ever submitted. "[A] 60(b) motion is not an opportunity for a party to 'relitigate its case.'" *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 269 (5th Cir. 2007).

The Government also argues that this Court wrongly applied the remedy ordered by the district court in *Heebe v. United States,* No. 2:10-CV-3452-KDE-MBN, Docket No. 22 (E.D. La. Dec. 20, 2010). The Government argues that the district court in *Heebe* "did not require the return of the original documents." Accordingly, it asks this Court to "modify its present judgment to follow the model of the court in *Heebe*," purportedly "to be allowed to provide copies of the seized documents" instead of originals. The Court respectfully disagrees.

The Government's argument overlooks the *Heebe* court's order directing the Government to return documents whose retention resulted in irreparable harm to the petitioners. *Id.* at 8. The *Heebe* court decided that there was irreparable injury to the petitioners since the Government

7

seized attorney-client privileged materials. *Id.* at 6–7. For these documents, the court ordered the Government to complete a review of the seized documents, identify those that were privileged, and return the originals to the petitioners. *Id.* at 8.

Here, as in *Heebe*, the Court found irreparable injury to the movant, albeit for a different reason. In this case, the Government's exclusive possession of documents Koch Foods needed to continue its daily business operations resulted in an irreparable injury to the company. As in *Heebe*, the Court ordered the original documents returned and allowed the Government to make copies so that it could continue its investigation as contemplated by Rule 41(g). *See id.* ("By copying all seized, unprivileged documents and data, and returning originals, the Government can resume its investigation while mitigating further irreparable injury to Petitioners."); *see also* Fed. R. Crim. P. 41(g) advisory committee notes to the 1989 amendments ("In many instances documents and records that are relevant to ongoing or contemplated investigations and prosecutions may be returned to their owner as long as the government preserves a copy for future use."). The Government has made no colorable argument as to why copies of the seized documents would be insufficient for its use at trial. The Court's Order was therefore consistent with both *Heebe* and Rule 41(g).

The Government then requests an order that Koch Foods return the hard drive the Government provided and a protective order concerning the seized documents. Regarding the return of the hard drive, the Government provides no legal basis for such an order. As to the protective order, which would ensure Koch Foods protect the documents "from modification, loss, or destruction," this is another request that could have been made in the original briefing. Moreover, the Advisory Committee Notes to Rule 41(g) advise the return of "documents and records that are relevant to ongoing or contemplated investigations and prosecutions" while

allowing the government to preserve a copy for use in any ongoing investigation or prosecution. *See* Fed. R. Crim. P. 41(g) advisory committee notes to the 1989 amendments. Finally, Koch Foods has submitted compelling evidence that its use of the documents necessarily requires ongoing modification, for example, by adding supplementary documents to the originals or "handwritten notations" as part of the company's "day to day personnel actions with employees," including when it takes files to unemployment hearings before a judge or hearing officer.

Accordingly, the Government is not entitled to relief under Rule 60(b)(1).

### C. Rule 60(b)(6)

"[W]hen seeking relief under Rule 60(b)(6), a movant is required to show extraordinary circumstances justifying the reopening of a final judgment." *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013) (quotations and citation omitted). "Extraordinary circumstances" typically involve "compelling or aggravated circumstances involving extreme hardship and injustice." *McDonald v. Oliver*, 642 F.2d 169, 172 (5th Cir. 1981) (citation omitted). The Government has not shown how the current circumstances meet this stringent standard.

Accordingly, the Government has not met its burden to justify relief under Rule 60(b)(6).

## IV. Conclusion

The Government's motion is denied.

**SO ORDERED**, this the 28th day of February, 2020.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE